**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4544

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DENNIS LEE WILLIAMS,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  C. Weston Houck, Senior District Judge.  (4:02-cr-00806-CWH)

Submitted:  November 28, 2007     Decided:  December 20, 2007

Before KING and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

W. James Hoffmeyer, LAW OFFICE OF W. JAMES HOFFMEYER, Florence, South Carolina, for Appellant.  Arthur Bradley Parham, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dennis Lee Williams appeals from the judgment imposed after he pleaded guilty to armed robbery and possession of a firearm during a crime of violence. Williams' attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967). Williams has filed a pro se informal brief. The Government declined to file a brief. Finding no error, we affirm.

The only issue counsel raises is whether the district court erred in accepting Williams' guilty plea. Because Williams did not seek to withdraw his guilty plea, his allegations of Fed. R. Crim. P. 11 error are reviewed for plain error. See United States v. Martinez, 277 F.3d 517, 525-26 (4th Cir. 2002) (holding that "plain error analysis is the proper standard for review of forfeited error in the Rule 11 context"). Under plain error review, this court may only notice an error that was not preserved by timely objection if the defendant can demonstrate: (1) that an error occurred, (2) that the error was plain, and (3) that the error was material or affected the defendant's substantial rights. United States v. Olano, 507 U.S. 725, 731-32 (1993). Even when these three conditions are satisfied, the court should only correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id. at 732.

Prior to accepting a guilty plea, the trial court must ensure the defendant understands the nature of the charges against

him, the mandatory minimum and maximum sentences, and other various rights, so it is clear that the defendant is knowingly and voluntarily entering his plea, and determine whether there is a factual basis for the plea. Fed. R. Crim. P. 11(b)(1)-(3); United States v. DeFusco, 949 F.2d 114, 116, 120 (4th Cir. 1991).

Although, during the Fed. R. Crim. P. 11 proceeding, Williams expressed confusion about whether he would potentially be sentenced as a career offender, whether he could potentially plead to only one count, and whether the bank he robbed was FDIC insured, the court carefully addressed each issue and Williams continually affirmed that he was guilty, that he understood his plea agreement, and that he wished to plead guilty. After a thorough review of the record, we conclude that the district court complied with the requirements of Rule 11. Therefore, the court did not err in accepting the plea.

Williams filed a pro se supplemental brief. He argues that he is actually innocent of the possession of a firearm in furtherance of a crime of violence because he did not physically possess or actively employ the firearm. He also argues that the conviction on the firearm possession count constitutes a double jeopardy violation because it is part of the predicate offense of armed robbery. He further alleges that the consecutive five-year sentence for violation of 18 U.S.C.A. § 924(c) (West 2000 & Supp. 2007) was error in light of Amendment 599. Williams also questions

- 3 -

whether the court erred in accepting his plea because he expressed some confusion during the Rule 11 proceeding. Williams contends that the Government breached the plea agreement by failing to move for a reduction of his sentence under U.S. Sentencing Guidelines Manual § 5K1.1 (2002) or Fed. R. Crim. P. 35. Finally, Williams contends that the conviction and sentence must be reversed because the indictment does not contain handwritten signatures of the foreperson of the grand jury and the attorney for the Government. We have reviewed these issues and found them to be without merit.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Williams' conviction and sentence. This court requires that counsel inform Williams, in writing, of the right to petition the Supreme Court of the United States for further review. If Williams requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Williams.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED